IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16 CR 226 |
| | ) | |
| Plaintiff, | ) | JUDGE ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | **MOTION IN LIMINE** |
| NICOLE M. GATES, | ) | |
| | ) | |
| Defendant. | ) | |

Now comes the Defendant, Nicole M. Gates, by and through the undersigned Counsel, and pursuant to Federal Evidence Rule 104, hereby respectfully moves this Court for a pretrial in Limine ruling on certain evidentiary matters. Gates filed a Motion to Dismiss Count I of the Indictment Pursuant to Federal Rule of Criminal Procedure 12(b)(3) on September 28, 2016. In the event this Court denies the Motion to Dismiss, Gates hereby requests that all evidence from February 26, 2010, the date of the initial left knee injury, through December 9, 2015, the date on which the Current Medical Assessment Evaluation was completed, be admitted pursuant to Federal Evidence Rule 401.

Question 12 on the Current Medical Assessment Evaluation does not specify a particular timeframe; therefore all evidence from the date of the initial injury through the date the evaluation was completed is relevant to prove that at certain points in time following her initial left knee injury, Gates was incapable of going on hikes, walks, and runs; working out; enjoying playing with her children; and doing yard work. This evidence

is crucial in order for Gates to be able to present a complete defense to Count I of the indictment, which is a constitutional right granted to Gates by the Sixth Amendment. The Supreme Court has historically recognized such a right, previously stating:

> [T]he Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984); cf. *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984) ("The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment"). We break no new ground in observing that an essential component of procedural fairness is an opportunity **2147 to be heard. *In re Oliver*, 333 U.S. 257, 273, 68 S.Ct. 499, 507-08, 92 L.Ed. 682 (1948); *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914).

*Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146-47, 90 L.Ed. 2d 636 (1986).

For the foregoing reasons, the Defendant respectfully moves this Court to admit all evidence from February 26, 2010, through December 9, 2015, pursuant to Federal Evidence Rule 401, so that the Defendant may present this evidence as a defense to Count I of the indictment.

Respectfully submitted,

*/s/ Kirk A. Migdal*
**KIRK A. MIGDAL (0054878)**
Attorney for Defendant
411 Wolf Ledges Pkwy., Ste. 400
Akron, Ohio 44311-1053
(330) 762-6474
Fax: (330) 762-1050
KAMigdal@shifrin-newman.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion in Limine was filed electronically on this 28th day of September 2016. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ Kirk A. Migdal*
**KIRK A. MIGDAL (0054878)**
Attorney for Defendant